IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | | |
|---|---|---|
| JAMAL A. AZEEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:06-0106 |
| | ) | |
| KRISTEN KELLER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### **O R D E R**

Pending before the Court are the following Motions: (1) Plaintiff's "Motion for an Order of Expungement of Criminal Records" (Document No. 90.), filed on December 10, 2009; (2) Defendants Cole, Cook, Davis, Lawrence Frail, Keller, Lazenby, and Robertson's Motion to Strike Plaintiff's Motion for an Order of Expungement of Criminal Records (Document No. 91.), filed on December 21, 2009; and (3) Plaintiff's Motion for an Expedited Ruling on Motion for Expungement of Criminal Records (Document No. 100.), filed on March 19, 2010.

In his Motion, Plaintiff requests that the Court order "expungement of all criminal records regarding the Third Degree Sexual Assault, Indictments 88-F-203 and 92-F-343, both of which relate to the Failure to Appear defunct conviction."[1] (Document No. 90, p. 7.) Plaintiff contends that on May 9, 2009, he filed a motion for expungement in the Circuit Court of Raleigh County. (Id., p. 1.) Plaintiff states that he provided the following facts to the Circuit Court of Raleigh County in support of his motion:

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

(i) <u>Third Degree Sexual Assault</u>.

1. Detective Cedric R. Robertson of the Beckley City Police Department obtained a Complaint for Summons on February 16, 1987 using significant perjuries and arrested the Petitioner for 3rd Degree Sexual Assault (61-8B-5). Petitioner had no criminal record prior to arrest.

2. Petitioner was neither indicted nor tried for such an offense.

3. However, Petitioner is listed (Entry 1: Case # 87-1532) by West Virginia State Police Criminal Identification Bureau that he was arrested on February 16, 1987, convicted on September 23, 1987 for the felony assault of 3rd degree sexual assault, and sentenced 10 - 20 years to the State Penitentiary; all of which are false. See attached CIB West Virginia State Police record Item # 1: (Exhibit #1).

(ii) <u>Failure to Appear</u>.

1. The Respondent by Bruce K Lazenby issued Indictment No. 88-F-203 and accused the Petitioner for failing to appear on September 25, 1987 for sentencing as ordered by Judge Canterbury.

2. Not only was Petitioner already sentenced on September 14, 1987, he was in the same county jail on September 25, 1987; and most importantly also, Judge Canterbury never issued an order for Petitioner to appear.

3. After Petitioner filed his Motion to Quash said Indictment citing fatal errors, another prosecutor Kristen Keller suddenly issued an "Amended Indictment" and verified that it "was returned by a grand jury on November 2, 1992."

4. While being tried under the amended indictment, Keller verified that Petitioner was already "tried, convicted, and sentenced under the original indictment" for the same charge.

5. Responding to two post-trial FOIA *pro se* requests for "All the dates the grand jury convened in 1992," the Clerk of the Court verified on two separate occasions that no grand jury was held on November 2, 1992.

6. Responding to a *pro se* Motion for the Production of the Grand Jury Minutes on the amended indictment, the Honorable John Ashworth wrote, "The Court was given Tape 3 . . . and found garbled information . . . only where Mr. Azeez testimony was (allegedly) recorded . . . as if it had been taped over previous recording."

7. Instead of the minutes, the Judge was given "hand-written notes" allegedly "written by the grand jury secretary" accusing Petitioner of "working in hospital in Florida and applying for SS#" . . . none of which occurred.

8. During all appellate period, Petitioner's entire court files that were under the control and custody of the Clerk of the Court, suddenly disappeared from her office for two full years without a trace.

9. The petitioner pursued several post-conviction appeals, motions and pleadings in the State of West Virginia but unfortunately without any success; including Motions for a copy of the records of the case.

10. After exhausting all local post-conviction remedies, Petitioner turned to the Federal Court and on August 12, 2003, the Northern District Court granted summary judgment and reversed the conviction. Petitioner was immediately released from further incarceration.

11. The Respondent attempted to appeal Judge Maxwell's ruling but voluntarily withdrew said appeal. The Fourth Circuit Court granted said motion to withdraw and dismissed their appeal.

12. The Respondent then attempted a plea agreement with Petitioner's attorney, Greg Tingler, to have Petitioner "renounce his citizenship and go back to his country" in exchange for "dropping all charges."

13. Petitioner bluntly rejected the offer because it was construed as a disingenuous attempt to dissolve Petitioner's rights to pursue civil remedies for unlawful imprisonment and their criminal conduct that inundated the entire history of Petitioner's cases.

14. There has been no subsequent proceeding by the Respondent in this case.

15. The record of his defunct conviction, sentence, and incarceration still exists. (See attached CIB West Virginia State Police record Item # 5.)

(Id., pp. 2 - 4.) The Circuit Court of Raleigh County denied Plaintiff's request for expungement by Order entered on April 16, 2009. (Id., pp. 10 - 15.) On July 14, 2009, Plaintiff appealed the Circuit Court's denial to the West Virginia Supreme Court of Appeals. (Id., p. 16.) The West Virginia Supreme Court refused Plaintiff's petition for appeal on November 19, 2009. (Id.) Citing State v. Ambaye, 616 N.W.2d 256 (Minn. 2000), Plaintiff contends that this Court should grant his Motion

3

for Expungement based upon "two legal bases." (Id., p. 6.) First, Plaintiff contends that there is a statutory bases for his expungement. Plaintiff cites West Virginia Code 61-11-25 as the controlling statute. (Id., pp. 5 - 6.) Second, Plaintiff alleges that the Court has "inherent expungement power." (Id., p. 6.) Plaintiff explains that "[t]his inherent power may be exercised 'where the petitioner's constitutional rights may be seriously infringed by retention of his record," or, where constitutional rights are not involved, when the court finds 'expungement will yield a benefit to the petitioner commensurate with the disadvantages to the public from the elimination of the record and the burden on the court in issuing, enforcing and monitoring an expungement order.'" (Id.) Plaintiff states that "because Appellant does not allege that his constitutional rights are involved in this matter, this court should limit its discussion to the inherent power to grant expungement in the absence of constitutional concerns." (Id., pp. 6 - 7.) Plaintiff attaches the following documents as Exhibits: (1) Copy of Plaintiff's NCIC Status dated March 13, 2001 (Id., pp. 8 - 9.); (2) Copy of Judge Kirkpatrick's "Order Denying Motions for Dismissal and Expungement" dated April 16, 2009 (Id., pp. 10 - 15.); and (3) Copy of the West Virginia Supreme Court's Order refusing Plaintiff's appeal (Id., p. 16.).

On December 21, 2009, Defendants Keller, Frail, Lazenby, Robertson, Cook, Cole, and Davis, by counsel, Kevin Robinson, filed their "Motion to Strike Plaintiff's Motion for an Order of Expungement of Criminal Records." (Document No. 91.) Defendants argue that Plaintiff "has erroneously filed this Motion with the United States Court for the Southern District of West Virginia." (Id., p. 1.) Defendants claim that "[t]he statute which controls the expungement of criminal records in West Virginia is West Virginia Code § 61-11-25." (Id.) Defendants assert that "the correct forum to hear a motion for expungement of records of the Plaintiff in this case is the

4

Raleigh County Circuit Court, not the United States District Court for the Southern District of West Virginia." (Id., p. 2.) Defendants further contend that "it seems as if the Plaintiff is trying to go around the decisions of the Raleigh County Circuit Court and the West Virginia Supreme Court and have this Court in his civil case expunge his criminal records." (Id., p. 3.) Finally, Defendants argue that "[t]he charges in the Plaintiff's case involve state court charges, and this matter should only be taken up in state court." (Id., p. 4.)

On December 23, 2009, Defendant Hutchinson, by counsel, Teresa Lyons, filed a "Response to Plaintiff's Motion for an Order of Expungement of Criminal Record." (Document No. 94.) Defendant Hutchinson states that "[a]lthough the Plaintiff relies on a specific state statute, he has not followed the requisite statutory procedures that require him to file such a motion in the Raleigh County Circuit Court and that require him to provide notice to the prosecuting attorney and the arresting agency." (Id., p. 1.) Defendant Hutchinson asserts that "no notice has been given to the prosecuting attorney or the arresting agency, but Plaintiff merely served the parties in the instant civil action." (Id.) Defendant Hutchinson notes that the Circuit Court of Raleigh County denied Plaintiff's motion for expungement, and the West Virginia Supreme Court of Appeal refused Plaintiff's appeal. (Id., p. 2) Thus, Defendant Hutchinson claims that "Plaintiff's remedy is to appeal to the United States Supreme Court, not to now seek relief in federal district court." (Id.) Finally, Defendant Hutchison argues that the *Rooker-Feldman* doctrine establishes that "federal district courts may not serve as appellate courts to seek relief from adverse state court decisions." (Id.)

On January 19, 2010, Plaintiff filed his "Consolidated Reply to Defendants' Responses to Plaintiff's Motion for Expungement of Criminal Records." (Document No. 98.) Plaintiff argues that he did follow statutory procedures in filing his motion with the Circuit Court of Raleigh County.

(Id.) Plaintiff states that in March, 2003, he filed a "Challenge of Criminal Record History Record" with the West Virginia State Police Criminal Identification Bureau [WVCIB]. (Id.) Plaintiff contends that the WVCIB "declared that the records could be expunged only by an Order from the court of conviction." (Id.) Plaintiff therefore claims that he appropriately filed his motion for expungement with the Circuit Court of Raleigh County, but his motion was denied. (Id., pp. 1 - 2.) Plaintiff argues that "[a]ny legal scholar should know that when a proceeding is denied by all state courts, the next remedial step is to appeal (not go around) to the federal courts. It should also be reminded at this juncture that it was the federal District Court (not the U.S. Supreme Court) that reversed all decisions rendered by the state courts in the cases that gave rise to the instant appeal (motion)." (Id., p. 2.)

On March 19, 2010, Plaintiff filed a "Motion for an Expedited Ruling on Motion for Expungement of Criminal Records." (Document No. 100.) Plaintiff states that "[i]f the Motion is not heard and decided immediately, Plaintiff will continue . . . to become a burden to the public since he will be forced to rely on public assistance for all needs thus costing taxpayers, including the Defendants, for the rest of his life." (Id., p. 2.) Plaintiff explains that "[b]ecause background checks are now performed in order to obtain many social, financial, and educational benefits, the illegal entries in Plaintiff's criminal records that exist in public file and criminal background checks reveal the illegal arrests, convictions and incarceration must be expunged forthwith to end the unrelenting denials Plaintiff currently encounters when attempting to obtain these benefits." (Id., pp. 1 - 2.) Therefore, Plaintiff contends that "[t]his Court must rule on Plaintiff's Motion as soon as possible before more dissemination occurs." (Id., p. 2.)

Based on the foregoing, the Court first finds that the Circuit Court of Raleigh County is the

appropriate forum for Plaintiff to request expungement. Plaintiff seeks expungement of his criminal records concerning convictions obtained in the Circuit Court of Raleigh County, one of which was successfully challenged in *habeas corpus* proceedings.[2] West Virginia Code § 61-11-25 sets forth the appropriate procedure for requesting expungement of state court convictions. West Virginia Code § 61-11-25 provides as follows:

> (a) Any person who has been charged with a criminal offense under the laws of this state and who has been found not guilty of the offense, or against whom charges have been dismissed, and not in exchange for a guilty plea to another offense, may make a motion in the circuit court in which the charges were filed to expunge all records relating to the arrest, charge or other matters arising out of the arrest or charge: Provided, That any person who has previously been convicted of a felony may not make a motion for expungement pursuant to this section. . . .
>
> * * *
>
> (c) Following the filing of the motion, the court may set a date for a hearing. If the court does so, it shall notify the prosecuting attorney and the arresting agency of the motion and provide an opportunity for a response to the expungement motion.

Accordingly, a motion for expungement should be made "in the circuit court in which the charges were filed." See W. Va. Code § 61-11-25(a). The undersigned, therefore, finds that the proper forum for Plaintiff's Motion for Expungement is the Circuit Court of Raliegh County, not the United States District Court for the Southern District of West Virginia.

Furthermore, Plaintiff's Motion for Expungement is precluded by the *Rooker-Feldman* doctrine. "Under the *Rooker-Feldman* doctrine, lower federal courts generally do not have

---

[2] The undersigned notes that Plaintiff unsuccessfully challenged his 1987 conviction for second degree sexual assault in *habeas corpus* proceedings. *See Azeez v. Duncil*, Civil Action No. 5:96-0497; *Azeez v. Kirby*, Civil Action No. 5:98-0523; and *Azeez v. Rubenstein, et al.*, Civil Action No. 5:03-0252. Plaintiff, however, successfully challenged his conviction for failure to appear in federal *habeas corpus* proceedings. On August 11, 2003, Honorable Robert E. Maxwell granted partial summary judgment in favor of Plaintiff and executed a writ of *habeas corpus* releasing Plaintiff from custody. *Azeez v. Haines*, Civil Action No. 2:00-0054 (N.D.W.Va. Aug. 11, 2003). Judge Maxwell, however, denied Plaintiff's "motion seeking vacation and expungement of his conviction and sentence in Raleigh County Circuit Court Criminal Action No. 92-F-342." *Id.*

7

jurisdiction to review state-court decisions; rather, jurisdiction to review such decisions lies exclusively with superior state courts and, ultimately, the United States Supreme Court." Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997)(citing District of Columbia Ct. App. v. Feldman, 460 U.S. 462, 482-86, 103 S.Ct. 1303, 1314-17, 75 L.Ed.2d 206 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923)); also see Friedman's Inc. v. Dunlap, 290 F.3d 191, 196 (4th Cir. 2002)(quoting Jordahl v. Democratic Party of Va., 122 F.3d 191, 196 (4th Cir. 2002)("[F]ederal courts are divested of jurisdiction 'where entertaining the federal claim should be the equivalent of an appellate review of the state court order.'")). The Fourth Circuit has explained that "the *Rooker-Feldman* doctrine applies only when the loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself." Davani v. Virginia Dept. of Transp., 434 F.3d 712, 713 (4th Cir. 2006). In the instant Motion, Plaintiff is essentially asking this Court to review and reject the findings of the Circuit Court of Raliegh County. In support of his request for expungement, Plaintiff sets forth the factual information provided to the Circuit Court of Raleigh County. Plaintiff explains that he appealed the denial of his motion to the West Virginia Supreme Court, and the West Virginia Supreme Court refused his appeal. Plaintiff claims that "[a]ny legal scholar should know that when a proceeding is denied by all state courts, the next remedial step is to appeal (not go around) to the federal courts. It should also be reminded at this juncture that it was the federal District Court (not the U.S. Supreme Court) that reversed all decisions rendered by the state courts in the cases that gave rise to the instant appeal (motion)." (Document No. 98, p. 2.) The undersigned notes that Plaintiff does not dispute that the Circuit Court of Raleigh County addressed the facts and circumstances surrounding his request for expungement. Plaintiff, however, asks this Court to decide precisely the

same issues already decided by the Circuit Court of Raliegh County. Further, Plaintiff cites the same authority (W. Va. Code § 61-11-25) in support of his motion and requests the same relief sought in the Circuit Court of Raliegh County. Accordingly, the undersigned finds that the *Rooker-Feldman* Doctrine precludes Plaintiff's indirect attempt is this matter to essentially re-litigate and undermine the decision of Judge Kirkpatrick in the Circuit Court of Raleigh County in <u>Azeez v. State of West Virginia</u>, 08-C-425.

Accordingly, it is hereby **ORDERED** that Plaintiff's "Motion for an Order of Expungement of Criminal Records" (Document No. 90.) is **DENIED**, Defendants Cole, Cook, Davis, Lawrence Frail, Keller, Lazenby, and Robertson's Motion to Strike Plaintiff's Motion for an Order of Expungement of Criminal Records (Document No. 91.) is **GRANTED**, and Plaintiff's Motion for an Expedited Ruling on Motion for Expungement of Criminal Records (Document No. 100.) is **DENIED as moot**.

In accordance with Rule 72(a) of the Federal Rules of Civil Procedure, the parties are hereby notified that the rulings set forth above may be contested by filing objections to this Order within ten days. If objections are filed, the District Court, United States District Judge Berger presiding, will consider the objections and modify or set aside any portion of the Order which it finds to be clearly erroneous or contrary to law.

The Clerk is directed to send a copy of this Order to Plaintiff, who is acting *pro se*, and counsel of record.

ENTER: April 1, 2010.

R. Clarke VanDervort
United States Magistrate Judge