**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

| | | |
|---|---|---|
| **JAMAL A. AZEEZ,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 5:06-0106** |
| | ) | |
| **KELLER, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Defendants have filed Motions to Dismiss and Plaintiff has filed Motions for Default and Summary Judgment.[1] By this Proposed Findings and Recommendation, the undersigned considers the Motion of Defendant Raleigh County Circuit Judge Hutchison to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6)(Document No. 26.) and Judge Hutchison's Renewed Motion to Dismiss (Document No. 124.). The undersigned will consider the remaining Motions of the Plaintiff and the other Defendants in a further separate Proposed Findings and Recommendation to be filed soon. Having thoroughly examined the record in this case respecting Plaintiff's claims against Judge Hutchison and considered the applicable law, the undersigned has concluded, and hereby respectfully recommends, that Judge Hutchison's Motion to Dismiss and Renewed Motion to Dismiss should be granted.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff was convicted in the Circuit Court of Raleigh County, West Virginia, on July 31,

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

1987, of the second degree sexual assault of an adult female patient at Appalachian Regional Hospital in Beckley, West Virginia, where Plaintiff worked as a lab technologist.[2] Plaintiff was sentenced on September 14, 1987, to ten to twenty years in the State penitentiary. Plaintiff filed a Petition appealing his sexual assault conviction, and on November 5, 1987, Plaintiff was released on $25,000 bond while his appeal was pending.[3] The West Virginia Supreme Court of Appeals denied Plaintiff's appeal on July 22, 1988. Plaintiff then requested renewal of his Petition for appeal, and the Supreme Court denied it on September 9, 1988.[4]

By Indictment returned on September 12, 1988, and designated 88-F-203 in the Circuit Court of Raleigh County, Plaintiff was charged with failing to appear for sentencing upon his sexual assault conviction on September 25, 1987, in violation of West Virginia Code § 62-1C-17B though Plaintiff had been sentenced upon his sexual assault conviction on September 14, 1987, and remained in custody on September 25, 1987. The Indictment in No. 88-F-203 stated as follows:

---

[2] Raleigh County Circuit Court Judge Thomas Canterbury presided.

[3] The November 5, 1987, appeal bond provided as follows in part:

> Now, therefore, if the said Jamal Azeez shall make his personal appearance before the Judge of the Circuit Court of Raleigh County at the Corut House thereof on the 28th day of December, 1987, and then and there to answer the State of West Virginia of any indictment concerning any such offense that has been returned or may hereafter be returned against him, and then and there render himself amenable to the order and process of the Court, and from term to term and time to time thereafter, to which the proceedings concerning such offense and indictment may be continued, until the matter is finally terminated, and if convicted shall appear for judgment and render himself in execution thereof to such day as the Court may order and shall not depart thence without leave of the Court, then this bond shall be void; otherwise to remain in full force and effect.

[4] Apparently, upon his release on bond on November 5, 1987, Plaintiff returned to gainful employment in Charleston, West Virginia, until his life was threatened by three individuals. (Document No. 40, *Azeez v. Haines*, 2:00-0054 (N.D.W.Va.) Plaintiff reported the circumstances to the police and decided to leave town. *Id.* Evidently, Plaintiff moved to Florida.

> The Grand Jurors of the State of West Virginia, in and for the body of the County of Raleigh, upon their oaths present that JAMIL AZEEZ, on or about the 25th day of September 1987, in the said county of Raleigh, did unlawfully and feloniously, having been admitted to bail and released in accordance with the laws of this State did willfully and without just cause fail to appear as and when it was required of him to wit: did fail to report as Ordered by the Honorable C. Thomas Canterbury, for sentencing for the crime of Second Degree Sexual Assault, against the peace and dignity of the State, and found upon the testimony of Det. Cedric Robertson, BCPD duly sworn to testify the truth before the grand jury this the 12th day of September 1988.

One week later, a warrant was issued for Plaintiff's arrest based upon the Indictment for failure to appear in 88-F-203. Id. Plaintiff was arrested in Florida and served with the September 12, 1988, Indictment in 88-F-203, on August 19, 1991, about two years and eleven months after the West Virginia Supreme Court of Appeals denied his request for renewal of his Petition for appeal, Plaintiff's appeal bond lapsed and the Indictment in 88-F-203 was returned. Plaintiff was extradited to West Virginia on December 4, 1991.

Two weeks before his trial on the failure to appear charge, Plaintiff filed a motion to quash Indictment No. 88-F-203 as "grossly defective and fatal."[5] (Document No. 23, Ex. 2, p. 6.) Defense counsel argued that the Indictment was fatally flawed because it charged Plaintiff with failing to appear for sentencing in the sexual assault case on September 25, 1987, when he was sentenced in that case on September 14, 1987, and was not released on his appeal bond until November 5, 1987. Plaintiff asserts that Defendant Kristen Keller, a Raleigh County prosecutor, procured an "Amended Indictment," which was filed on November 2, 1992, and designated No. 92-F-342, stating as follows (Document No. 53, Ex.1, p. 23.):

> The Grand Jurors of the State of West Virginia, in and for the body of the County of Raleigh, upon their oaths present that JAMAL AZEEZ, on or about July 1988

[5] Raleigh County Circuit Judge John Ashworth presided over the failure to appear charges.

> through August 1991, in the said county of Raleigh, unlawfully and feloniously, having been admitted to bail and released in accordance with the laws of this State did willfully and without just cause fail to appear as and when it was required of him and the said JAMAL AZEEZ had been convicted of the felony of sexual assault and sentenced upon such felony, against the peace and dignity of the State, and found upon the testimony of Det. D.H. Cook, II, BCPD duly sworn to testify the truth before the grand jury this the 2nd day of November, 1992.

On March 25, 1993, Plaintiff was convicted upon the charge of failure to appear as stated in the Indictment designated 92-F-342. Plaintiff was sentenced to an indeterminate term of imprisonment of one to five years. Plaintiff unsuccessfully appealed his failure to appear conviction to the West Virginia Supreme Court. State v. Azeez, Case No. 93-2108.

On June 19, 2000, Plaintiff filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody in the United States District Court for the Northern District of West Virginia, challenging his conviction for failing to appear. Azeez v. Haines, Civil Action No. 2:00-0054. Plaintiff filed a Motion for Partial Summary Judgment and Memorandum in Support on July 15, 2003. On August 11, 2003, District Judge Robert E. Maxwell granted Plaintiff's Motion for Partial Summary Judgment and ordered Plaintiff's release from the custody of the West Virginia Division of Corrections. District Judge Maxwell ruled on five claims which Plaintiff asserted in his Motion for Partial Summary Judgment. First, Judge Maxwell found that " the indictment charging [Plaintiff] with failure to appear violated his rights under the Fifth Amendment when it was defective on its face[.] Judge Maxwell's ruling in August 11, 2003, Transcript of Portion of Motion Hearing, p. 3. Judge Maxwell stated that "[t]he indictment in Criminal Action Number 92-F-342 is defective on its face because it fails to state an exact date upon which the Petitioner was required to appear and because it includes dates upon which the Petitioner was not legally required to appear." Id., p. 6 - 7. Second, Judge Maxwell ruled that Plaintiff's Sixth and Fourteenth Amendment

rights were violated "when the Circuit Court of Raleigh County misapplied the law in refusing to strike two jurors for cause, thereby forcing the Petitioner to use two of his peremptory challenges to do so." Id., p. 17. Third, Judge Maxwell ruled that Plaintiff's attorney in the appeal of his sexual assault conviction, Defendant Francis Curnutte, violated the attorney-client privilege by turning a March 8, 1993, letter which Plaintiff wrote over to the State and testifying in the failure to appear case respecting a conversation which he had with Plaintiff about the West Virginia Supreme Court of Appeals' refusal to consider his Petition in the sexual assault case. Judge Maxwell further ruled that "[t]he Circuit Court of Raleigh County erred in failing to either declare a mistrial or to give a curative instruction with regard to Mr. Curnutte's breach of the attorney-client privilege." Id., pp. 20 - 21. In this, Judge Maxwell found that Plaintiff's Fifth, Sixth and Fourteenth Amendment rights were violated. Id., p. 21. Fourth, Judge Maxwell found that Plaintiff's Fourteenth Amendment rights were violated because the Circuit Court's files were misplaced for a period of two years and Plaintiff was denied access to the Court as Plaintiff appealed his conviction and sought *habeas* relief. Id., pp. 22 - 23. Finally, Judge Maxwell found that Plaintiff's Fifth and Fourteenth Amendment rights were violated because Plaintiff was not credited with 108 days for time served in custody after his arrest on August 19, 1991, and before his failure to appear conviction. Id., pp. 28 - 29.

On March 12, 2003, Plaintiff filed a Petition initiating Azeez v. Haines, *et al.*, Civil Action No. 2:03-0017, seeking relief under 28 U.S.C. § 2254 in the United States District Court for the Northern District of West Virginia. Plaintiff named as Defendants Mr. Haines, then Warden of Huttonsville Correctional Facility, Mr. Robertson, Mr. Lazenby Ms. Keller, Ms. Davis and Mr. Cook, Defendants in the instant case, and others raising issues respecting his FOIA requests,

criminal complaint and retaliation.[6] By Order entered on September 16, 2004, District Judge Maxwell dismissed Plaintiff's Petition insofar as Plaintiff sought *habeas* relief with prejudice in view of the Court's ruling in Azeez v. Haines, Civil Action No. 2:00-0054, and his claim of retaliation without prejudice stating that it "would be properly brought in a civil rights action pursuant to 42 U.S.C. § 1983, rather than a *habeas corpus* action pursuant to 28 U.S.C. § 2254."

Having obtained the issuance of the Writ of Habeas Corpus in the United States District Court for the Northern District of West Virginia in August, 2003, Plaintiff filed his Civil Rights Complaint Under 42 U.S.C. § 1983, 42 U.S.C. § 1985 and 28 U.S.C. § 1332 Alleging Unlawful Arrest to Unlawful Incarceration initiating this matter on July 11, 2005, in the United States District Court for the Eastern District of New York. Plaintiff named as Defendants: (1) current and former Raleigh County Prosecuting Attorneys Ms. Keller, Mr. Frail and Mr. Lazenby, Raleigh County Police Officers Robertson, Cook and Cole and Ms. Davis, the Clerk of the Raleigh County Circuit Court[7]; (2) Raleigh County Circuit Judge Hutchison; and (3) Attorney Curnutte who had represented Plaintiff. All of the Raleigh County Defendants together filed a Motion to Dismiss or, in the alternative, to Transfer the case to the Southern District of West Virginia. Mr. Curnutte filed a Motion to Dismiss separately. On January 25, 2006, United States District Judge Joanna Seybert issued a Memorandum and Order denying Defendants' Motions to Dismiss and transferring this matter to this District Court. Copies of documents originally filed in the Eastern District of New York were therefore filed in this matter on February 13, 2006. (Document No. 23.)

---

[6] Judge Hutchison was not named as a Defendant in this matter.

[7] The undersigned will some times refer to these Defendants as "the Raleigh County Defendants".

In his Civil Rights Complaint, Plaintiff alleges as follows respecting Judge Hutchison:

> 53. Plaintiff exhausted several local FOIA steps by requesting production of court and police records that related to the case. After repeated denials, Plaintiff filed an actual complaint under Freedom of Information Act (FOIA) in the Raleigh County Court hoping for a successful judicial intervention. During a hearing, Defendant Hutchison treated Plaintiff with severe disrespect, being pro se, and threatened by [sic] Plaintiff ' not to return' to the court looking for documents, because all matters were considered '*res judicata*'.
>
> 54. Plaintiff then filed with several state agencies a 53-page 'Criminal Complaint' that should have been reviewed first by the Office of the Prosecuting State Attorney General's office, Defendant Hutchison unlawfully intervened and abused his judicial authority; and beyond the scope of his judicial responsibilities, wrongfully, intentionally, and without justification, interpreted the criminal complaint as a 'civil suit'; specifically done so as to apply the principles of the Prison Litigation Reform Act. Defendant Hutchison retaliatorally [sic] and punitively revoked '50% of all earned good time credit'; even on a sentence that was already discharged. He dismissed the Complaint as being 'frivolous'. Plaintiff had never been accused of filing any 'frivolous' complaint in that court; making such sanction inappropriate, unlawful and retaliatory.
>
> [There is no Paragraph 55 in Plaintiff's Civil Rights Complaint.]
>
> 56. The Honorable John S. Kaull and Robert E. Maxwell of the Northern District Court recently ruled on a federal appeal on said case that Plaintiff should file a 'civil rights' complaint instead of habeas corpus petition against Defendant Hutchison for 'retaliation'. (Case No. 2:03-CV 17 NDWV).

Plaintiff states that as a consequence of Defendants' actions he has suffered loss of reputation, immense emotional trauma, physical injuries, loss of liberty, mental anguish, depression and anxiety. Plaintiff seeks compensatory and punitive damages and injunctive relief.

Judge Hutchison filed a Motion to Dismiss on February 21, 2006. (Document No. 27.) In his Motion to Dismiss, Judge Hutchison asserts that Plaintiff did not comply with the Federal Rules of Civil Procedure in serving him with his Civil Rights Complaint and requests dismissal pursuant to Federal Rule of Civil Procedure 12(b)(5). (Id., p. 1 at fn. 1.) Judge Hutchison next contends that his alleged actions for which Plaintiff would hold him liable occurred in the course of his performance

of his judicial functions and constituted judicial acts such that he is entitled to absolute judicial immunity. (Id., pp. 5 - 10.) Judge Hutchison further asserts that Plaintiff's action is barred under the applicable statute of limitations. (Id., pp. 10 - 12.) Pointing out correctly that Federal Courts resort to State law in determining the applicable statute of limitations in proceedings under Section 1983, Judge Hutchison argues that, assuming that the limitation period was two years under W.Va. Code § 55-2-12(b) and Plaintiff's claims accrued on August 19, 2001, when he discharged his sentence upon his sexual assault conviction and began serving his sentence upon his failure to appear conviction, the period lapsed on August 19, 2003. (Id., p. 11.) Judge Hutchison further posits that because Plaintiff's claims are "all in the nature of intentional torts, such as abuse of process and malicious prosecution", the limitation period would be one year under W.Va. Code § 55-2-12(c) and the time lapsed for filing suit upon them one year before it did with respect to Plaintiff's civil rights claims. (Id., p. 12.) Finally, Judge Hutchison contends that the District Court must abstain from exercising jurisdiction to the extent that Plaintiff requests an injunction of State Court proceedings. (Id., pp. 13 - 14.) Judge Hutchison attaches to his Motion to Dismiss a copy of (1) United States Magistrate Judge Kaull's Report and Recommendation in Azeez v. Haines, *et al.*, Civil Action No. 2:03CV17, in which Magistrate Judge Kaull states that "Azeez's assertion that he was retaliated against for filing the criminal and F.O.I.A. complaints is not properly brought in a habeas proceeding. Instead, a retaliation claim should he brought pursuant to 42 U.S.C. § 1983."; and (2) United States District Judge Maxwell's Order accepting Magistrate Judge Kaull's findings and recommendation and dismissing Plaintiff's retaliation claim without prejudice.

On March 14, 2006, the undersigned entered an Order notifying Plaintiff pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), of his right to file a response to Judge

Hutchison's Motion and submit documents, exhibits, and/or other legal or factual material supporting his claims as they were challenged by Judge Hutchison in his Motion to Dismiss and required that Plaintiff file his response within thirty days of the entry of the Order. (Document No. 31.) On April 12, 2006, the undersigned filed a further Order notifying Plaintiff pursuant to Roseboro v. Garrison of his right to respond to Defendants' and Judge Hutchison's Motions to Dismiss and allowing Plaintiff thirty days to do so. (Document No. 48.)

On April 25, 2006, Plaintiff filed his Opposition to Defendant Hutchison's Motion to Dismiss. (Document No. 53.) Plaintiff states respecting Judge Hutchison's claim that he was not properly served with Plaintiff's Civil Rights Complaint that he "hired a professional process server who effected service in accordance with the Rules of Civil Procedure." Plaintiff indicates that he served Judge Hutchison by leaving a copy of the Summons and Civil Rights Complaint "with an officer of his courthouse under the principles of Rule 4(e)(2) of FRCP." (Id., p. 2.) Respecting Judge Hutchison's claim of judicial immunity, Plaintiff quotes Section 1983 and contends that Judge Hutchison knew about Plaintiff's circumstances and the allegedly wrongful conduct of the other Defendants in this matter before his conviction was vacated and yet did not attempt to rectify them. Thus, Plaintiff indicates that Judge Hutchison is a person who caused him to be subjected to the deprivation of his constitutional rights and is liable under Section 1983. (Id., p. 3.) Plaintiff further claims that Judge Hutchison "acted in complete absence of all jurisdiction" when he construed Plaintiff's Verified Criminal Complaint filed in the Raleigh County Circuit Court on December 6, 2001, to be a civil action. (Id.) Plaintiff attaches a copy of his Verified Criminal Complaint to his Response in Opposition to Judge Hutchison's Motion to Dismiss. Respecting Judge Hutchison's statute of limitations claim, Plaintiff states that after he sought relief through appeals, complaints

and actions under FOIA, "[t]he conviction was successfully terminated in Plaintiff's favor in August 2003, and within the two-year statute of limitation allowed under civil rights laws, the instant case was filed. (Id., p. 9.)

Judge Hutchison filed a Reply Memorandum on April 27, 2006 (Document No. 56.), asserting that (1) Plaintiff's position that judicial immunity does not apply in this Section 1983 action is contrary to law; (2) as a private citizen, Plaintiff could not initiate a criminal proceeding under West Virginia law, and therefore his claim that Judge Hutchison lacked jurisdiction in regarding his Criminal Complaint a civil document makes no sense; and (3) Plaintiff's contention that the running of applicable statutorily prescribed periods of limitation was tolled while he was engaged in appeals and other actions is without merit.

On February 18, 2011, Judge Hutchison filed a Renewed Motion to Dismiss and Memorandum in Support. (Document Nos. 124 and 125.) Judge Hutchison generally reiterates his assertions as stated in his Motion to Dismiss that Plaintiff's claims against him should be dismissed because he is entitled to absolute judicial immunity; Plaintiff's claims are barred by the applicable statute of limitations; and the District Court must abstain from enjoining any State Court function or proceeding.

On March 3, 2011, Plaintiff filed a Renewed Opposition to Defendant Hutchison's Motion to Dismiss. (Document No. 126.) Plaintiff indicates that he has pled facts which establish Judge Hutchison's direct liability and basically reiterates that "absolute or judicial immunity is no defense in this action." (Id., pp.. 2 - 7.) He further disputes Judge Hutchison's position respecting the application of statutes of limitations stating that he "lacked standing to sue until he could have his charges reversed . . . and that was accomplished on August 12, 2003." (Id., p. 8.)

**THE STANDARD**

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Bell Atlantic Corporation v. Twombly, ___ U.S. ___, 127 S.Ct. 1955, 1959, 167 L.Ed.2d 929 (2007)(reference to Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), omitted.) Dismissal is proper under Rule 12(b)(6) where, construing the allegations of the Complaint in a light most favorable to the Plaintiff and assuming the alleged facts to be true, it is clear as a matter of law that no relief could be granted under any set of facts which could be proven consistent with the allegations. Deference is given to *pro se* Complaints. See Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978)(A District Court should allow *pro se* plaintiffs reasonable opportunity to develop pleadings.); Coleman v. Peyton, 340 F.2d 603, 604 (4th Cir. 1965)(*Pro se* plaintiff should be given an opportunity to particularize potentially viable claims.). A *pro se* Complaint may therefore be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 521, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), quoting Conley v. Gibson, 355 U.S. 41, 45 - 46 (1957). Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992).

**DISCUSSION**

District Judge Maxwell having found that the Indictment in State v. Azeez, 92-F-342, charging Plaintiff with failure to appear violated Plaintiff's constitutional rights and having issued a writ of *habeas corpus* requiring Plaintiff's release from custody on August 12, 2003, Plaintiff alleges pursuant to 42 U.S.C. § 1983 that Defendants obtained the Indictment in violation of his constitutional and civil rights. Plaintiff's action falls under Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d. 383 (1994). A cause of action under Section 1983 accrues when a "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . .." Heck v. Humphrey, 512 U.S. at 487, 114 S.Ct. at 2372. Thus, a person suing under Section 1983 claiming damages as a consequence of an unconstitutional conviction has no cause of action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."Heck, 512 U.S. at 489, 114 S.Ct. at 2373. "Just as a cause of action for malicious prosecution does not accrue until the criminal proceedings have terminated in the plaintiff's favor . . . so also a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." Heck, 512 U.S. at 489, 114 S.Ct. at 2374.[8]

Judge Hutchison did not preside over the failure to appear charges in State v. Azeez, 92-F-342. Judge Ashworth did. Plaintiff indicates that Judge Hutchison presided over FOIA proceedings and matters having to do with his Criminal Complaint, proceedings which Plaintiff initiated as he

---

[8] Plaintiff's 1987 second degree sexual assault conviction and sentence survived appeal and *habeas* proceedings and are not and cannot be the subject of this action.

was challenging his conviction and sentence in State v. Azeez, 92-F-342. Judge Hutchison contends that he was acting in his judicial capacity in these respects and is therefore entitled to judicial immunity.

The doctrine of judicial immunity "attaches even if the act in question was in excess of [the judge's] authority." Jackson v. Houck, 181 Fed.Appx. 372 (4th Cir. 2006)(quoting Mireles v. Waco, 502 U.S. 9, 12-13, 112 S.Ct. 286, 288, 116 L.Ed.2d 9 (1991)); see also Everson v. Doughton, 267 Fed.Appx. 229 (4th Cir. 2008)("We have identified two important factors for consideration: whether the function is one normally performed by a judge and whether the parties dealt with the judge in his or her judicial capacity." citing King v. Myers, 973 F.2d 354, 357 (4th Cir. 1992).) "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction, as this Court recognized when it adopted the doctrine in Bradley v. Fisher, 80 U.S. 335, 20 L.Ed. 646 (1871)." Imbler v. Patchman, 424 U.S. 409, 419, 96 S.Ct. 984, 990, 47 L.Ed.2d 128 (1976). "This immunity applies even when the judge is accused of acting maliciously and corruptly, and it 'is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." Id. (adopting doctrine of absolute judicial immunity in Section 1983 actions) (internal citation omitted).

Clearly, Judge Hutchison is entitled to judicial immunity as he acted fully within his judicial capacity and Plaintiff dealt with him as he acted in that capacity respecting Plaintiff's FOIA requests and Criminal Compliant. Judge Hutchinson's alleged decisions, actions and comments about which Plaintiff complains are exactly what judicial immunity is designed to protect. Assessing the viability

of litigants' claims is one of the most primary and crucial duties of a trial judge, and the doctrine of judicial immunity assures that judges may act and state their opinions upon the merits of those claims without fear of liability. Plaintiff has stated and can state no claim against Judge Hutchison for which relief may be granted, and Judge Hutchison's Motion to Dismiss and Renewed Motion to Dismiss should therefore be granted. Because Plaintiff's claim against Judge Hutchison should be dismissed on grounds of judicial immunity, it is not necessary to consider the other grounds which Judge Hutchison states for dismissal of Plaintiff's claim against him.

## RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **GRANT** Judge Hutchison's Motion to Dismiss and Renewed Motion to Dismiss (Document Nos. 26 and 124.).

Plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Plaintiff shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff who is acting *pro se*, and transmit a copy to counsel of record.

Date: August 15, 2011.

R. Clarke VanDervort
United States Magistrate Judge