**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

JAMAL A. AZEEZ,

      Plaintiff,

v.            CIVIL ACTION NO. 5:06-cv-00106

KRISTEN L. KELLER, et al.,

      Defendants.

**MEMORANDUM OPINION AND ORDER
ADOPTING PROPOSED FINDINGS AND RECOMMENDATION**

The Court has reviewed the *Motion to Dismiss on Behalf of Defendant John A. Hutchison* (Docket 26), Defendant John Hutchison's *Renewed Motion to Dismiss* (Document 124), *Plaintiff's Opposition to Defendant Hutchison's Motion to Dismiss* (Document 53) and *Plaintiffs' Renewed Opposition to Defendant Hutchison's Motion to Dismiss* (Document 126). The Magistrate Judge has reviewed each motion and submitted his *Proposed Findings and Recommendations* (PF&R) (Document 135).

### *I. RELEVANT FACTS AND PROCEDURAL HISTORY*

The PF&R sets forth in great detail the relevant facts and procedural history, and the Court incorporates by reference those facts and procedural history without further recitation.[1] The facts

---

[1] Plaintiff doesn't specifically object to any of the procedural history or general facts as outlined in the PF&R in *Plaintiff's Objections to Magistrates Findings and Recommendations* (Docket 136). The Court addresses, *infra* pp.8-10, Plaintiff's objections.

and procedural history with respect to Plaintiff's specific claims against Defendant Hutchison are discussed in section *IV. A.*, *infra*.

## II.  STANDARD OF REVIEW OF THE MAGISTRATE JUDGE'S PF&R

The Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C) (2006). However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, the Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). When reviewing portions of the PF&R *de novo*, the Court will consider the fact that Plaintiff is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

## III.  12(b)6 MOTION TO DISMISS LEGAL STANDARD

Under Rule 8(a)(2), a plaintiff must provide a "short and plain statement of the claim showing . . . entitle[ment] to relief," and is not required to plead specific facts in the complaint. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). This standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of

action will not do." *Id.* at 555 (internal citations omitted); *see also Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (stating that "the Rule does call for sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."). A defendant may challenge the complaint under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted . . .." Fed. R. Civ. P. 12(b)(6).

In reviewing a motion to dismiss under Rule12(b)(6), the Court must "accept as true all of the factual allegations contained in the complaint." *Erikson v. Pardus*, 551 U.S. 89, 93 (2007). The Court must also "draw[ ] all reasonable factual inferences from those facts in the plaintiff's favor . . .." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Iqbal*, 129 S.Ct. at 1950.

Here, Plaintiff filed his complaint *pro se*, which requires the Court to give deference to his complaint. See *Gordon v. Leeke*, 574 F.2d 1147, 1153 (4th Cir. 1978)(A District Court should allow *pro se* plaintiffs reasonable opportunity to develop pleadings.); *Coleman v. Peyton*, 340 F.2d 603, 604 (4th Cir. 1965)(*Pro se* plaintiff should be given an opportunity to particularize potentially viable claims.). A *pro se* Complaint may, therefore, be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 521(1972), quoting Conley v. Gibson, 355 U.S. 41, 45 - 46 (1957).

## IV. DISCUSSION

### *A. Facts and Procedural History of claim against Defendant Hutchison*

Plaintiff filed his Civil Rights Complaint under 42 U.S.C. §§ 1983, 1985 and 28 U.S.C. § 1332 alleging unlawful arrest and unlawful incarceration on July 11, 2005, in the United States District Court for the Eastern District of New York. One of the nine Defendants is Raleigh County Circuit Judge John Hutchison. On January 25, 2006, United States District Judge Joanna Seybert issued a Memorandum Opinion and Order (Document 23) transferring the matter to this Court. In this opinion, the Court considers only Defendant Hutchison's motion to dismiss. With respect to this particular defendant, Plaintiff's complaint alleges the following:

> 53. Plaintiff exhausted several local FOIA steps by requesting production of court and police records that related to the case. After repeated denials, Plaintiff filed an actual complaint under Freedom of Information Act (FOIA) in the Raleigh County Court hoping for a successful judicial intervention. During a hearing, Defendant Hutchison treated Plaintiff with severe disrespect, being pro se, and threatened by [sic] Plaintiff 'not to return' to the court looking for documents, because all matters were considered '*res judicata*'.
>
> 54. Plaintiff then filed with several state agencies a 53 page 'Criminal Complaint' that should have been reviewed first by the Office of the Prosecuting Attorney. The Defendants of the Beckley Police Department totally ignored the complaint although Plaintiff had a civilian friend to personally file said complaint
>
> 55. Instead of replies from either the State Police, the Beckley Police Department or the State Attorney General's office, Defendant Hutchison unlawfully intervened and abused his judicial authority; and beyond the scope of his judicial responsibilities, wrongfully, intentionally, and without justification, interpreted the criminal complaint as a 'civil suit'; specifically done so as to apply the principles of the Prison Litigation Reform Act. Defendant Hutchison retaliatorally [sic] and punitively revoked '50% of all earned good time credit'; even on a sentence that was already discharged. He dismissed the Complaint as being 'frivolous'. Plaintiff had never been accused of filing any 'frivolous' complaint in that court; making such sanction inappropriate, unlawful and retaliatory.

> 56. The Honorable John S. Kaull and Robert E. Maxwell of the Northern District Court recently ruled on a federal appeal on said case that Plaintiff should file a 'civil rights' complaint instead of habeas corpus petition against Defendant Hutchison for 'retaliation'. (Case No. 2:03-CV 17 NDWV).

(Document 23, Attachment 3).[2]

Plaintiff claims that as a result of all of the Defendants' actions, he has suffered loss of reputation, immense emotional trauma, physical injuries, loss of liberty, mental anguish, depression and anxiety. *Id.* Plaintiff seeks compensatory and punitive damages in an amount of ten million dollars and injunctive relief against any additional, similar actions by Defendants. *Id.*

Defendant Hutchison filed a Memorandum of Law together with his motion to dismiss on February 21, 2006 (Document 27). He asserts that Plaintiff did not properly serve him with the complaint, that his alleged actions for which Plaintiff would hold him liable occurred in the course of the performance of his judicial functions and constituted judicial acts such that he is entitled to absolute judicial immunity, and that Plaintiff's action is barred under the applicable statute of limitations. *Id.* On April 25, 2006, Plaintiff filed his opposition to Defendant Hutchison's motion to dismiss. Plaintiff states that he hired a professional process server who properly served the complaint on Defendant Hutchison. *Id.* He argues that Defendant Hutchison does not have judicial immunity because it does not apply to Section 1983 claims. *Id.* Plaintiff also argues Defendant Hutchison did not have jurisdiction to dismiss, as a civil action, Plaintiff's "Criminal Complaint" filed in the Raleigh County Circuit Court on December 6, 2001. *Id.* Finally, Plaintiff takes the position that Defendant Hutchison's statute of limitations defense should not apply because Plaintiff did not have standing to bring the claim until his civil rights complaint was terminated on August

---

[2] The Magistrate Judge's PF&R mistakenly indicated that Plaintiff did not have a paragraph 55 of his complaint. It appears during the transfer of Plaintiff's complaint to this Court that a scanning error may have removed a couple of lines at the end of paragraph 54 and at the beginning of paragraph 55. The Court will consider the full complaint as reflected in Plaintiff's properly scanned complaint as reflected in Document 23, Attachment 3.

12, 2003, which would put the filing of this complaint within the two year statute of limitations. *Id*. Defendant Hutchison filed a Reply Memorandum on April 27, 2006 (Document 56), asserting that judicial immunity does apply to Section 1983 claims, that Plaintiff could not initiate a criminal proceeding under West Virginia law, and that Plaintiff's statute of limitations argument is without merit.

On February 18, 2011, Defendant Hutchison filed a renewed motion to dismiss and memorandum in support, in which he reiterates the arguements he made in his initial motion to dismiss. On March 3, 2011, Plaintiff filed a renewed opposition to Defendant Hutchison's motion to dismiss. Plaintiff argues that he has pled facts sufficient to hold Defendant Hutchison liable and that absolute or judicial immunity is not a defense to his claim. *Id.* He also reiterates his position on the tolling of the statute of limitation. He argues that he did not have standing to bring the claim until his charges were reversed on August 12, 2003.

### *B. Proposed Findings and Recommendation*

The Magistrate Judge first considered whether absolute judicial immunity applied to Plaintiff's claims against Defendant Raleigh County Circuit Judge Hutchison in trying to determine whether or not to recommend granting the motion to dismiss. If it does apply, dismissal of Plaintiff's claim for failure to state a claim upon which relief can be granted would be required pursuant to Fed. R. Civ. P. 12(b)(6). If it did not apply, there would be a necessity to discuss the other legal issues raised in the motion to dismiss.

The Magistrate Judge correctly laid out the applicable law of the doctrine of judicial immunity in his PF&R. It is as follows:

> The doctrine of judicial immunity "attaches even if the act in question was in excess of [the judge's] authority." *Jackson v. Houck*, 181 Fed.Appx. 372 (4th Cir. 2006)(quoting *Mireles v. Waco*, 502 U.S. 9, 12-13 (1991)); *see also Everson v. Doughton*, 267 Fed.Appx. 229 (4th Cir. 2008)("We have identified two important factors for consideration: whether the function is one normally performed by a judge and whether the parties dealt with the judge in his or her judicial capacity." citing *King v. Myers*, 973 F.2d 354, 357 (4th Cir. 1992).) "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction, as this Court recognized when it adopted the doctrine in *Bradley v. Fisher*, 80 U.S. 335, (1871)." *Imbler v. Patchman*, 424 U.S. 409, 419 (1976). "This immunity applies even when the judge is accused of acting maliciously and corruptly, and it 'is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." Id. (adopting doctrine of absolute judicial immunity in Section 1983 actions) (internal citation omitted).

(Docket 135 at 14). The Magistrate Judge found that Judge Hutchison was clearly entitled to judicial immunity because he acted fully within his judicial capacity in his dealings with Plaintiff. Further, the Magistrate Judge found that, "Judge Hutchison's alleged decisions, actions and comments about which Plaintiff complains are exactly what judicial immunity is designed to protect." *Id.* The Magistrate Judge found that "Plaintiff has not stated and can state no claim against Judge Hutchison for which relief may be granted, and Judge Hutchison's Motion to Dismiss and Renewed Motion to Dismiss should therefore be granted." *Id*. at 14. The Magistrate Judge also found that it is not necessary to consider other grounds raised by the Defendant in his motions to dismiss given the recommended ruling relative to judicial immunity.

### *C. Plaintiff's Objections to PF&R*

Plaintiff asserts that the PF&R "prejudicially omits pertinent facts from which relief can be granted;" the PF&R "erroneously did not review, in the light most favorable to the plaintiff,

-7-

whether the complaint states a valid claim for relief;" the PF&R "fails to follow basic principles of prior decisions for the purpose of a motion to dismiss under 12(b)(6);" and the PF&R "erroneously asserts that there are no issues of material fact to be resolved." (Pl.'s Objections ¶¶ 1,3,4&5). Plaintiff fails to point to any facts or specific standards that were not considered by the Magistrate Judge. Accordingly, the Court finds that these objections are general, conclusory objections which do not warrant *de novo* review and are without merit. *Orpiano,* 687 F.2d at 47.

Plaintiff also asserts that the Court "...must examine the complaint to determine if the allegations provide for relief on any possible theory." (Pl.'s Objections ¶ 6) (citing *Bramlet v. Wilson,* 495 F.2d 714, 716 (8th Cir. 1974). The Court finds that this "objection" must be given *de novo* review. Plaintiff takes the rule in *Bramlet* out of context. The full quote he attempted to cite states "a complaint should not be dismissed merely because a plaintiff's allegations do not support the particular legal theory he advances, for the court is under a duty to examine the complaint to determine if the allegations provide for relief on any possible theory." *Bramlet* 495 F.2d at 716.

Judicial immunity applies if a judge's actions were among those normally performed by a judge and the judge dealt with parties in his or her judicial capacity. *King,* 973 F.2d at 357 (4th Cir. 1992). Further, so long as the judge is acting in his or her judicial capacity and taking actions normally performed by a judge as required by *King*, this judicial immunity is absolute, including with respect to Section 1983 claims. *Imbler*, 424 U.S. at 419 (1976).

In paragraph 53 of his complaint, Plaintiff alleges that Defendant Hutchison, during the FOIA proceedings, treated him with severe disrespect and threatened him not to return to the court looking for documents. Defendant Hutchison dealt with Plaintiff in his official capacity when he dismissed Plaintiff's FOIA complaint. A dismissal of a FOIA request is an action that is within the

broad spectrum of actions normally performed by a judge as part of his or her regular duties. Judicial immunity clearly applies here regardless of the Plaintiff's perception that this Defendant treated him with disrespect. Furthermore, there is no possible legal theory under which the Plaintiff's allegations in paragraph 53 can survive against this Defendant. In other words, it is beyond doubt that the Plaintiff can prove no set of facts that would entitle him to relief, given the doctrine of judicial immunity.

In paragraphs 54 and 55 of his complaint, Plaintiff alleges that Defendant Hutchison acted without jurisdiction and abused his judicial authority when he dismissed Plaintiff's "Criminal Complaint." Defendant Hutchison dealt with Plaintiff in the judge's official capacity when he dismissed, as a civil complaint, Plaintiff's "Criminal Complaint." Again, this is an action taken by a judge and is within the scope of his normal duties. Thus, judicial immunity applies. Further, it is clearly established that a private citizen can not initiate a criminal complaint under West Virginia Law. *See* W. Va. R. Crim. P. 3. Given the allegations contained in paragraphs 54 and 55, the Court finds, again, that there is no possible theory under which these claims would survive scrutiny given the doctrine of judicial immunity.

After a *de novo* review of this matter, the Court finds Plaintiff has alleged no facts, under any possible theory, that would support a claim against Defendant Hutchison. Simply put, Defendant Hutchison, at all times, dealt with Plaintiff in his capacity as a judge and only took actions that would normally be performed by a judge. Thus, judicial immunity serves as an absolute defense to any possible claim Plaintiff could have against Defendant Hutchison. Accordingly, the Court finds that Plaintiff's objection is without merit.

Plaintiff objects to Defendant Hutchison's statute of limitations defense on the basis that the Magistrate failed to "assert the time frame of Defendant Hutchison's ruling on the Criminal Complaint, the times of subsequent actions plaintiff initiates as a result of such ruling, and the dates when rulings were made on subsequent litigations, all leading up to the date Judge Maxwell reversed the conviction and released Plaintiff." (Pl.'s Objection ¶ 2). As previously discussed, the PF&R does not address Defendant Hutchison's statue of limitations defense.

The Plaintiff's objection here is without merit inasmuch as the Magistrate Judge did not recommend dismissal based on this defense. Further, even if the Court were to find that Plaintiff properly filed his complaint against Defendant Hutchison within the applicable statute of limitation, it would not change the Court's ruling on Defendant Hutchison's motion to dismiss. This Court, in its de novo review, has determined that judicial immunity serves as a bar to all of Plaintiff's claims against Defendant Hutchison. Given that finding, a ruling on whether Plaintiff filed his action against Defendant Hutchison within the applicable statute of limitations simply is not necessary and would serve no legitimate purpose.

Finally, Plaintiff objects to the Magistrate Judge's "failure to consider retaliation as a basis upon which relief can be granted even though Defendant is a Judge." (Pl.'s Objection ¶ 7). However, again, as in this instance, where Defendant acted within his normal role as a judge and dealt with Plaintiff in his official capacity, Defendant enjoys absolute judicial immunity. *Imbler*, 424 U.S. at 419. Accordingly, this Court finds this objection to be lacking in merit, as well.

## *V. CONCLUSION*

Thus, based on the findings herein, the Court does hereby **ORDER** that the Magistrate Judge's Proposed Findings and Recommendation (Document 135) be **ADOPTED.** The Court **ORDERS** that Defendant Hutchison's Motion to Dismiss (Document 26) and Renewed Motion to Dismiss (Document 124) be **GRANTED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: September 8, 2011

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA