IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

JAMAL A. AZEEZ,

          Plaintiff,

v.                                                                     CIVIL ACTION NO.  5:06-cv-00106

KRISTEN L. KELLER, et al.,

          Defendants.


**MEMORANDUM OPINION AND ORDER**

The Court has reviewed Plaintiff's Motion to Recuse Judge Irene Berger (Document 141) filed on September 21, 2011. The Court has also reviewed Defendant Judge Hutchison's Response to Motion to Recuse Judge Irene Berger (Document 142).

Plaintiff argues that the Court should be removed from the case pursuant to 28 U.S.C. § 455 because "[t]he existence of [a] conflict of interest, impartiality, prejudice, and impropriety are grounds for disqualification." (Document 141 at 1). It appears Plaintiff alleges two grounds for the Court's recusal.  First, Plaintiff alleges the Court should be recused because the Court "acted in similar capacities as her fellow state officials and [that she] maintains a close relationship with these defendants whose County Courthouse is next door to the Federal Courthouse." (Document 141 at 6). Second, Plaintiff alleges the Court should recuse herself because the Court dismissed a 1996 case in the Kanawha County Circuit Court, *Azeez v. Thomas Kirk et al*. Civil Action No: 96-C-1190, which "has a direct connection with the civil case at bar." (Document 141 at 2).  In support, Plaintiff contends, "[t]his civil rights case, which is

primarily against State (sic) prosecutors like Judge Berger, comes to her again with similar issues, and the fact that she DISMISSED the previous case, it (sic) unequivocally gives rise to an issue of conflict of interest, thus making it hard for any reasonable mind to imagine that she would be willing to reverse yourself (sic) . . . [.]" (Document 141 at 4). Plaintiff also attempts to re-litigate the dismissal of Defendant Hutchison by order entered on September 8, 2011. (Document 137). The Court will not address the issues related to the dismissal of the claims against Defendant Hutchison.

"Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a) (2006). Further, a judge shall also disqualify herself "where [s]he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]" *Id*. at § 455(b)(1). The general terms of Section 455 were given an in depth explanation in *Liteky v. United States*, 510 U.S. 540 (1994). The Supreme Court explained that generally in order to disqualify a judge for bias or prejudice, such bias or prejudice must stem from "a source outside the judicial proceeding at hand." *Liteky*, 510 U.S. at 545. This is the "extrajudicial source" rule. Nevertheless, an extrajudicial source of bias is not always necessary for the recusal of a judge. *See Belue v. Leventhal*, 640 F.3d 567 (4th Cir. 2011). But judicial rulings and "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings" almost "never constitute a valid basis for a bias or partiality motion." *Id*. at 572. (citing *Liteky*, 510 U.S. at 555).

Plaintiff's first assertion that the Court cannot be impartial in these proceedings based on alleged friendships and close relationships with the Defendants is entirely without merit. The Court's impartiality cannot reasonably be questioned simply because the Court, before being

appointed to the Federal Court, similarly served as an assistant prosecutor and former state court judge as some of the Defendants in the instant case. Accordingly, the Court finds that Plaintiff's argument for recusal based on personal and professional relationships with Defendants lacks merit and does not present a situation where the Court's impartiality might reasonably be questioned.

Plaintiff's second argument for the Court's recusal is equally lacking in merit. The Fourth Circuit has made it clear that "[d]issatisfaction with a judge's views on the merits of a case may present ample grounds for appeal, but it rarely -- if ever -- presents a basis for recusal." *Belue,* 640 F.3d at 575.  Fifteen years ago, the Court entered an order dismissing a case filed by Plaintiff in the Circuit Court of Kanawha County, which Plaintiff now argues would preclude any reasonable mind from concluding the Court would reverse itself. (Document 141 at 4).  Having reviewed the Plaintiff's motion and all information relevant to any alleged bias or impartiality, including Plaintiff's prior case, the Court finds Plaintiff's motion to be unsupported and without merit.  The Court further finds that none of Plaintiff's allegations could reasonably give rise to a legitimate question of the Court's impartiality in the instant case.

Accordingly, the Court hereby **ORDERS** that Plaintiff's Motion to Recuse Judge Irene Berger (Document 141) be **DENIED**. The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:       October 11, 2011

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA