IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

JAMAL A. AZEEZ,

          Plaintiff,

v.                                              CIVIL ACTION NO. 5:06-cv-00106

KRISTEN L. KELLER, et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

      The Court has reviewed the Motion for Summary Judgment of Defendants Kristen Keller, Lawrence Frail, Bruce Lazenby, Cedric Robertson, and David H. Cook (Document 187) and the Plaintiff's Motions for Partial Summary Judgment (Documents 129 and 199.) After careful consideration of the parties' motions, memoranda in support and in opposition, attached exhibits, and the entirety of the record, the Court, for the reasons stated herein, grants Defendants' motion and denies Plaintiff's motions.

## I.    BACKGROUND

### A. *Plaintiff's Convictions*

      In July of 1987, Plaintiff, Jamal A. Azeez, was convicted of second degree sexual assault in the Circuit Court of Raleigh County, West Virginia. Plaintiff was sentenced on September 14, 1987, to a term of imprisonment of ten to twenty years. In November of 1987, he was released on bond pending the appeal of his second degree sexual assault conviction. The West Virginia

Supreme Court of Appeals denied his initial appeal on July 20, 1988, and his renewed appeal on September 9, 1988. On September 12, 1988, Plaintiff was charged by Indictment (88-F-203) for failing to appear on September 25, 1987, for sentencing for his sexual assault conviction.[1] A *capias* warrant was issued a week later. On August 19, 1991, Plaintiff was arrested on the *capias* warrant in Florida and subsequently extradited to West Virginia on December 4, 1991. An Amended Indictment (92-F-342), filed on November 2, 1992, charged that "JAMAL AZEEZ, on or about July 1988 through August 1991, in the said county of Raleigh, unlawfully and feloniously, having been admitted to bail and released in accordance with the laws of this State did willfully and without just cause fail to appear as and when it was required of him." (Document 53 Ex. 1 at 23). Plaintiff was subsequently convicted for failure to appear and unsuccessfully appealed this conviction to the West Virginian Supreme Court of Appeals.

## B.  *Habeas Petitions*

Plaintiff filed several state and federal *habeas* petitions challenging both his second degree sexual assault and failure to appear convictions. Plaintiff was entirely unsuccessful in challenging his sexual assault conviction. *See State ex rel. Azeez v. Mangum*, 195 W.Va. 163 (1995); *Azeez v. Kirby*, Case No. 981696 (W.Va. July 7, 1999); *Azeez v. Duncil*, Civil Action No. 5:96-cv-0497; *Azeez v. Kirby*, Civil Action No. 5:98-0523; *Azeez v. Rubenstein, et al.*, Civil Action No. 5:03-0252.

However, Plaintiff successfully challenged his conviction for failure to appear. On June 19, 2000, Plaintiff filed a Petition pursuant to 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a

---

[1] Indictment 88-F-203 reads as follows: "The Grand Jurors of the State of West Virginia, in and for the body of the County of Raleigh, upon their oaths present that JAMAL AZEEZ, on or about the 25th day of September 1987, in the said county of Raleigh, did unlawfully and feloniously, having been admitted to bail and released in accordance with the laws of this State did willfully and without just cause fail to appear as and when it was required of him to wit: did fail to report as Ordered by the Honorable C. Thomas Canterbury, for sentencing for the crime of Second Degree Sexual Assault, against the peace and dignity of the State, and found upon the testimony of Det. Cedric Robertson, BCPD duly sworn to testify the truth before the grand jury this the 12th day of September 1988."

Person in State Custody in the Northern District of West Virginia. *Azeez v. Haines*, Civil Action No. 2:00-0054.  On August 11, 2003, the late Judge Robert E. Maxwell granted Plaintiff's motion for partial summary judgment and ordered that Plaintiff be released from custody.  In his decision, Judge Maxwell first found that the indictment in Case No. 92-F-342 was facially defective in violation of the Fifth Amendment because it failed to state an exact date on which Plaintiff was to appear, and included dates on which Plaintiff was not actually required to appear. (Document 23-5 at 11-12.)  Second, Judge Maxwell found that Plaintiff's Sixth and Fourteenth Amendment rights were violated because the trial court failed to strike two jurors for cause, thereby requiring Plaintiff to use two of his peremptory challenges to strike those jurors. (*Id*. at 22.) Third, Judge Maxwell found that his attorney, Francis Curnutte, violated Plaintiff's attorney-client privilege when he turned over Plaintiff's March 8, 1993 letter to the prosecutor, and, also, when he testified at Plaintiff's trial (for failure to appear) about a conversation he had with Plaintiff. (*Id*. at 25-26.)  Fourth, Judge Maxwell found that Plaintiff's Fourteenth Amendment rights were violated because he was denied access to the Court as he appealed his conviction and sought *habeas* relief because his files were misplaced for two years. (*Id*. 27-28.)  Lastly, the Judge found Plaintiff's Fifth and Fourteenth Amendment rights were violated because he was not given credit for the time he served between his arrest and conviction for failure to appear. (*Id*. 33-34.)

## C.  Plaintiff's Claims

Plaintiff filed "A Civil Rights Complaint Under 42 U.S.C. § 1983, 42 U.S.C. § 1985 and 28 U.S.C. § 1332 Alleging Unlawful Arrest to Unlawful Incarceration" on July 11, 2005, in the United States District Court for the Eastern District of New York.  On January 25, 2006, United

States District Judge Joanna Seybert issued a Memorandum Opinion and Order (Document 23) transferring the matter to this Court.

In his Complaint, Plaintiff named as Defendants (1) current and former Raleigh County Prosecuting Attorneys Keller, Frail and Lazenby, (2) Police Officers Robertson, Cook and Billy Cole, (3) Raleigh County Circuit Court Clerk Janice Davis, (4) Circuit Judge John Hutchison and (5) Attorney Francis Curnutte. Plaintiff alleges that Defendants violated his Fifth, Sixth and Fourteenth Amendment due process rights when he was imprisoned for two years (August 19, 2001- August 12, 2003) as a result of his conviction for failure to appear. (Document 23-3 at 4.) By Judgment Order (Document 138) entered on September 8, 2011, Judge Hutchison was dismissed as a Defendant in this case. Likewise, Plaintiff's claims against Janice Davis, Francis Curnutte, and Billy Cole were dismissed on April 6, 2012. (Document 156)

With respect to the remaining Defendants, Plaintiff alleges that Defendant Robertson testified falsely to the grand jury on September 12, 1988. (Document 23-3 at 5.) Plaintiff indicates that Defendant Robertson knew he was sentenced on September 14, 1987, when he testified that Plaintiff failed to appear for sentencing on September 25, 1987. (*Id*.) Specifically, Plaintiff alleges that "Defendant Robertson, without probable cause, deliberately, intentionally, maliciously, conspiratorially, and with clear disregard of the law and a citizen's rights, committed gross unconstitutional acts to have Plaintiff indicted, arrested, and extradited under falsified information." (Document 23-3 at 5-6.)

Plaintiff alleges that Defendants Frail and Lazenby "unlawfully refused disclosure of the grand jury minutes of 88-F-203 for trial and appeal purposes in spite of such well-proven particularized needs that overcame all restrictions that could have prevented public exposure; thus responsible for obstruction of justice, willful concealment of prosecutorial and police

4

malfeasances, and other related actionable wrongdoings." (*Id*. at 6.) Plaintiff contends it is highly probable that Indictment No. 88-F-203 was fabricated. (*Id*.)

Plaintiff alleges that Defendant Keller filed an "Amended Indictment: No. 92-F-342" only after she became aware that the previous indictment was "grossly defective." (*Id*.) He alleges that no grand jury was actually convened to return the Indictment 92-F-342 that charged him with failing to appear between July 1988 and August 1991. (*Id*. at 6-7.) Plaintiff also claims that Defendant Keller falsely informed the Court that Plaintiff's attorney requested a continuance and submitted an Order signed by Circuit Judge Burnside. (Document 23-3 at 8-9.) Plaintiff contends that no attorney was ever assigned to his case and that he neither met with his attorney nor asked her to file a motion for a continuance. (*Id*. at 9.) Plaintiff alleges the trial was able to go forward under Indictment 92-F-342 because Judge Ashworth accepted the "fraudulent statements intentionally made by Defendant Keller." (*Id*.) After his conviction, Plaintiff alleges that Defendant Keller removed Plaintiff's files from the custody of Circuit Clerk Defendant Davis and unlawfully concealed his files for two years. (*Id*.) Plaintiff alleges that Defendant Keller reconstructed the files and then "secretly placed them in Judge H.L. Kirkpatrick's chamber where a secretary of [his] appellate counsel found them." (*Id*.) Therefore, Plaintiff alleges that he was unlawfully denied access to his files for two full years in spite of his counsel's diligent effort to locate the files.

Plaintiff alleges Defendant Frail knew that no grand jury was ever called for the 92-F-342 Indictment and he induced Defendant Cook to testify falsely. (*Id*. at 17.) Plaintiff also alleges that Defendant Frail and all other Defendants "denied all FOIA requests for document, files, police and court records, and grand jury minutes concerning his indictment. . . [.]" (*Id*. at 18.)

5

Plaintiff alleges that Defendant Cook committed perjury when he was induced by other Defendants to testify falsely that Plaintiff had an obligation to appear for sentencing. (*Id*. at 17.) Plaintiff claims Defendant Cook conspired with other Defendants to conceal wrongdoings and engaged in malicious prosecution. (*Id*.)

Plaintiff claims that as a result of all of the Defendants' actions, he has suffered loss of reputation, immense emotional trauma, physical injuries, loss of liberty, mental anguish, depression and anxiety. (*Id*. at 19.) Moreover, Plaintiff alleges that he was stabbed by a convicted murderer and contracted tuberculosis while he was held illegally at the Raleigh County Jail. (*Id*.) Plaintiff seeks compensatory and punitive damages in the amount of ten million dollars and injunctive relief against any additional similar actions by Defendants. (*Id.* at 20.)

Plaintiff's § 1983 claims for false arrest, malicious prosecution, and access to Court were dismissed against the remaining Defendants. (Document 156) Likewise, Plaintiff's state law false arrest and malicious prosecution claims were dismissed. (*Id*.) Plaintiff's remaining claims are as follows:

(1) Plaintiff's claim that Defendants Keller, Lazenby and Frail violated his Fourteenth Amendment right not to be deprived of liberty as a result of their fabrication of evidence or directing Defendants Robertson and Cook to present false testimony while acting in an investigative capacity relative to the charges contained in Indictments 88-F-203 and 92-F-342.

(2) Plaintiff's claim that Defendants Robertson and Cook violated his Fourteenth Amendment right not to be deprived of liberty as a result of their fabrication of evidence while acting in an investigative capacity relative to the charges contained in Indictments 88-F-203 and 92-F-342.

(*Id*.)

## *II.* **STANDARD OF REVIEW**

The well-established standard in consideration of a motion for summary judgment is that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U .S. 242, 247 (1986). A "material fact" is a fact that might affect the outcome of a party's case. *Anderson*, 477 U.S. at 248; *JKC Holding Co. LLC v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001). A "genuine" dispute concerning a "material" fact arises when the evidence is sufficient to allow a reasonable jury to return a verdict in the nonmoving party's favor. (*Id*.) The moving party bears the burden of showing that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 322-23. However, the nonmoving party must offer some "concrete evidence from which a reasonable juror could return a verdict in his favor." *Anderson*, 477 U.S. at 256. "At the summary judgment stage, the nonmoving party must come forward with more than 'mere speculation or the building of one inference upon another' to resist dismissal of the action." *Perry v. Kappos*, No.11-1476, 2012 WL 2130908, at *3 (4th Cir. June 13, 2012) (unpublished decision) (quoting *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985)). The nonmoving party must satisfy its burden of proof by offering more than a mere "scintilla of evidence" in support of its position. *Anderson*, 477 U.S. at 252.

Rule 56 of the Federal Rules of Civil Procedure requires that,

> [a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers or other materials; or

> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed.R.Civ.P. 56(c)(1). In considering a motion for summary judgment, the Court will not "weigh the evidence and determine the truth of the matter." *Anderson*, 477 U.S. at 249. Instead, the Court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986). If factual issues exist that can only be resolved by a trier of fact because they may reasonably be resolved in favor of either party, summary judgment is inappropriate. *Anderson*, 477 U.S. at 250. In consideration of the pending motions, the Court will consider the fact that Plaintiff is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir.1978).

### III.   DISCUSSION

*A. Defendants' Motion Summary Judgment*

On July 2, 2012, Defendants filed their motion for summary judgment on Plaintiff's remaining claims that the Defendants violated his "Fourteenth Amendment right not to be deprived of liberty as a result of fabrication of evidence while acting in an investigative capacity respecting the charges contained in Indictments 88-F-203 and 92-F-342." (Document 188 at 7.) Defendants argue the record is *devoid of any evidence* that the Defendants fabricated any evidence with respect to the charges contained in Indictments 88-F-203 and 92-F-342. (*Id*.) Defendants argue Plaintiff knew he was obligated to report back to the court after his appeal on his sexual assault conviction was denied. (*Id*. at 7-8.) Further, Defendants argue they would

have had no reason to fabricate evidence for the failure to appear charge because the Plaintiff did, in fact, fail to appear to serve his sentence. (*Id*. at 8.)

Defendants Keller, Frail and Cook argue they are entitled to summary judgment on the contention they fabricated evidence with respect to Indictment 92-F-342 because the grand jury did, in fact, meet on November 2, 1992, to indict Plaintiff. (*Id*.) They challenge Plaintiff's contention that Indictment 92-F-342 was fabricated because the grand jury did not meet. In support, Defendants cite a Grand Jury Order issued and signed by Defendant Keller and Judge Ashworth which indicated the September 1992 grand jury panel met and returned four true bills and two no true bills. (Document 187 Ex. C.) Further, Defendants argue hand written notes from November 2, 1992, indicate the grand jury, in fact, met on November 2, 1992, and that Defendant Cook testified in support of the indictment of Plaintiff. (Document 187 Ex. D.) Additionally, Defendants Cook and Keller argue the transcript of the grand jury testimony confirms that the grand jury convened on November 2, 1992. (Document 187 Ex. E.) Finally, Defendant Frail argues Plaintiff's only claim against him is that he signed the indictment, which was not fabricated. (*Id*.) Defendants argue they are entitled to summary judgment because there are no genuine issues of material facts because the forgoing documents prove Defendants Keller and Frail did not violate his right not to be deprived of liberty as a result of fabrication of evidence or directing Defendant Cook to present false testimony. (*Id*. at 9.)

Defendants also argue they are entitled to summary judgment on the contention they fabricated evidence with respect to Indictment 88-F-203. With respect to the 1988 indictment, Defendants argue Plaintiff believes the grand jury never met to indict him. (Document 188 at 9.) In support, Defendants point to the grand jury notes from September 1988. (Document 188 Ex. G.) Further, Defendants argue Plaintiff was not convicted under the 88-F-203 Indictment.

9

(Document 188 at 10.) Defendants argue the record is devoid of any evidence that the 1988 indictment was fabricated. (*Id*. at 11.) Finally, Defendants argue that Plaintiff did, in fact, fail to appear and that they would have "no reason . . . to fabricate any evidence in order to obtain an indictment or conviction." (*Id*.)

In response, Plaintiff argues the Defendants only address the issues surrounding the grand jury sessions even though his "complaint is replete with many other issues of fabrication of evidence."[2] (Document 197 at 1.) Plaintiff argues several records support his claim. First, Plaintiff argues the Defendants did not provide a copy of an Order commanding him to appear in Court for sentencing and that the Defendants cannot be excused for fabricating the 1988 Indictment. (Document 197 ¶ 1.) In reply, Defendants argue Plaintiff admitted during his deposition that he knew he had been convicted of a sexual assault and he knew that once his appeal was denied he was obligated to return to begin his sentence as a condition of his bond. (Document 206 at 1.) Also, Defendants argue Indictment 88-F-203 simply contained a mistaken date rather than a fabrication. (*Id*.)

Next, Plaintiff argues that the FOIA responses (Document 197 Exs. 2 & 3.) from Clerk Davis, listing the dates that the grand jury convened, indicate that the grand jury did not convene on November 2, 1992. (Document 197 ¶ 2.) Defendants reply that they need not answer this argument because these allegations are directed at Janice Davis and she is no longer a Defendant in this case. (Document 206 at 2.) Next, Plaintiff argues Defendant Keller lied to the judge and jury when she claimed the 88-F-203 indictment had previously been stricken by another judge (March 1993) when it was, in fact, stricken at a later date (June 1993). (Document 197 ¶ 3.) In reply, Defendants argue Plaintiff does not produce any evidence which shows Defendant Keller

---

[2] Plaintiff makes several arguments in his response that are entirely irrelevant. (Document 197 ¶¶ 4, 10, 15- 20; Document 197 at 6-7.) The Court does not consider such arguments.

10

ever told this to a judge. (Document 206 at 2.) Further, Defendant Keller argues this Court previously ruled on this issue. Plaintiff argues the 1992 indictment does not contain critical information such as the Clerk of Court stamp, signature or an indictment number. (Document 197 ¶ 5.) In reply, Defendants argue this is a copying error and Plaintiff's own exhibit indicates the annulment Order was signed by Judge Ashworth. (Document 206 at 3.)

Additionally, Plaintiff argues the signatures on the 1992 Grand Jury Order (Document 188 Ex. C.) could easily have been on the first page of the order but were not. (Document 197 ¶ 7.) Plaintiff contends the additional page "highly suggests that it was taken from an unrelated order because (a) Judge Ashworth's signature is significantly faded, (b) Defendant Keller's signature is relatively new, (c) the date 'November 4 … 92' with [Janice Davis's] signature are also faded." (*Id*.) Plaintiff questions why the number "4" is not on the same line as "November" and why only "92" is written when there is room for "1992." (*Id*.) Further, Plaintiff argues Judge Ashworth would have certainly remembered a special grand jury session if he actually signed the 1992 Grand Jury Order. (Document 197 ¶ 9.) In reply, Defendants argue the Plaintiff has failed to provide any evidence or the existence of witnesses who will testify that the 1992 Indictment or Grand Jury Order was fabricated. (Document 206 at 3.) Plaintiff's only evidence is that one signature is darker than the other and Defendants contend they would have no reason to fabricate such an order. (*Id*.) Plaintiff also contends Defendant Keller did not tell Judge Ashworth the 1992 Indictment was returned by a special session of the grand jury. (Document 197 ¶ 8.) Defendants argue this omission does not rise to the level of fabrication of evidence. (Document 206 at 3.)

Plaintiff argues Judge Ashworth's Order regarding the grand jury minutes indicated the Defendants gave him "Tape 3" but neither Defendant Cook nor Plaintiff appear on "Tape 3"

11

according to the handwritten notes. (Document 197 ¶ 11.) Also, Plaintiff questions how Defendant Keller suddenly produced a transcript of Defendant Cook's grand jury testimony when the tape was previously "garbled." (Document 197 ¶ 12.) Plaintiff further argues the handwritten notes accused Plaintiff of applying for a Social Security Number ("SSN") and working in a hospital, when he, in fact, applied for credit using his SSN and never worked in a hospital when he was in Florida. (*Id*. ¶ 13.) Next, Plaintiff argues a handwritten document (Document 197 Ex. 10) provides evidence of fabrication because the document illustrates that his minutes were recorded on Tape 1 Side 1. (*Id*. ¶ 14.)

In reply, Defendants argue Plaintiff's contention that the grand jury never met is contradicted by his own testimony. (Document 206 at 4.) Plaintiff confirmed the transcript accurately reflected the facts of his case. (*Id*.) First, Plaintiff confirmed that Cook and Robertson went to Florida to apprehend him and at such time he had previously been tried and convicted for second degree sexual assault. (*Id*.) Second, Plaintiff agreed that the transcript accurately reflects the fact that he had been sentenced to 10 to 20 years for the sexual assault. (*Id*.) Third, Plaintiff admits that Defendant Cook accurately testified that he was to serve his prison sentence following the exhaustion of the appeal on his sexual assault conviction and he knew this was a condition of his bond. (*Id*.) Fourth, Plaintiff agreed that Defendant Cook accurately testified that after his appeal was denied he disappeared for a couple of years and did not report to serve his sentence. (*Id*.)

In sum, Defendants argue that Plaintiff rests his assertion of fabricated evidence on the fact that he never worked in a hospital and only used his SSN to apply for a credit card and the assertion is misplaced. Defendants contend Plaintiff's belief that all information must be precisely correct or it is fabricated against him is nothing more than a conspiracy theory. (*Id*. at

5.) Most importantly, Defendants argue that Plaintiff's entire theory of his case relies on his assertion that the grand jury did not meet on November 2, 1992, and the Defendants contend the checks issued to the grand jury members prove that such meeting took place. (*Id.*)

## B. *Plaintiff's Motion for Summary Judgment*

On May 9, 2011, Plaintiff filed his Motion for Partial Summary Judgment (Document 129). On July 17, 2012, Plaintiff filed a renewed Motion for Partial Summary Judgment (Document 199). The motions are identical and contain several claims that have been dismissed. Nevertheless, in consideration of Plaintiff's *pro se* status, the Court considers Plaintiff's arguments contemporaneously with Defendants' motion below. For clarity, the Court cites to Document 199.

## C. *Analysis*

As this Court previously ruled, a prosecutor has absolute immunity "for their conduct in initiating a prosecution and in presenting the State's case, insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.'" *Burns v. Reed*, 500 U.S. 478, 486(1991)(quoting *Imbler v. Pachtman*, 424 U.S. 409, 430-431 (1976)). A prosecutor acts as an advocate when performing tasks, such as (1) initiating a judicial proceeding, (2) conducting a criminal trial, bond hearing, grand jury proceeding or pre-trial hearing, and (3) engaging in an out-of court effort to control the presentation of witness' testimony. *Buckley v. Fitzsimmons*, 509 U.S. 259, 272 (1993) (quotations and citations omitted). Also, the Court previously noted prosecutors are entitled to absolute immunity for withholding materially exculpatory evidence, and knowingly presenting perjured testimony or false or misleading evidence to the Court or grand jury. (Document 156 at 22.) However, a prosecutor is not entitled to absolute immunity

for "investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings." *Buckley*, 509 U.S. at 273. Thus, the only remaining claim against Defendants Keller, Frail and Lazenby must derive from soliciting false testimony from Robertson and Cook or fabricating evidence in the preliminary investigatory stage for Indictments 88-F-203 and 92-F-342. (*See* Document 206 Ex. H.)

To prevail on a § 1983 claim, a plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States. As this Court previously ruled, Section 1983 can provide a remedy under the Fourteenth Amendment if a state action causes a deprivation of liberty without due process. *Baker v. McCollan*, 443 U.S. 137, 145 (1979) ("The Fourteenth Amendment does not protect all deprivations of liberty. It protects only against deprivations of liberty 'accomplished without due process of law.'")). The right not to be deprived of liberty as a result of the fabrication of evidence by a government officer acting in his investigatory capacity has been recognized by the Fourth Circuit. *Washington v. Wilmore*, 407 F.3d 274, 282 (4th Cir. 2005) (citation and quotation omitted).

After review of the memoranda and exhibits filed by the parties, it is clear that there are no genuine issues of material fact with respect to Plaintiff's remaining claims. Both parties extensively focus on whether or not Indictments 88-F-203 and 92-F-342 were fabricated documents. However, the Court previously ruled prosecutors are entitled to absolute immunity for allegedly filing a fake or fabricated indictment. (Document 151 at 33) *See Davidson v. United States*, 2005 WL 623228 * 1 (D.D.C. Mar. 17, 2005) (finding that prosecutor was entitled to absolute immunity for allegedly filing a "fake" indictment). Thus, it is irrelevant whether the grand jury assembled for either Indictment 88-F-203 or 92-F-342 because even if a prosecutor

"fabricates" an indictment, a prosecutor is absolutely immune because this "initiates" a prosecution. *See Harris v. Rubin*, 2010 WL 1380993 (D.N.J. Apr. 1, 2010) (finding prosecutor absolutely immune from using an allegedly "fake" indictment). Clearly, it is unethical for a prosecutor to file a "fake" indictment, but a prosecutor is nevertheless absolutely immune from a Section 1983 claim for such action.

The Defendants sufficiently argue the record is devoid of any evidence that they fabricated any evidence with respect to the charges contained in Indictments 88-F-203 and 92-F-342. To defeat summary judgment, Plaintiff must point to some evidence that the Defendants fabricated evidence or directed Defendants Robertson and Cook to present false testimony *while acting in an investigative capacity* with respect to the charges contained in Indictments 88-F-203 and 92-F-342. The investigative stage does not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings. *Buckley*, 509 U.S. at 273. Thus, Plaintiff must point to evidence that prior to the grand jury hearings or indictments, Defendants Keller, Frail and/or Lazenby, in their investigative capacity, fabricated evidence or directed Defendants Robertson and Cook to testify falsely. The evidence Plaintiff relies on is not in the investigative stage of the case that resulted in his conviction for failure to appear.

The evidence presented by both parties as to whether the grand jury met on November 2, 1992, to return Indictment 92-F-342 is immaterial because this Court previously determined Defendants Keller and Frail are immune from Plaintiff's claim that they fabricated Indictment 92-F-342. (*See* Document 151 at 33.) Thus, the Court need not resolve the arguments with respect to whether the grand jury met. Plaintiff's arguments about lies, fabrications, and alterations of orders do not create genuine issues of material fact to support his claim. (*See* Document 197 ¶¶ 3-14.) The Court previously ruled that Defendants Keller, Lazenby and Frail

are absolutely immune for alleged lies or fabrications in court proceedings or filings because such actions are "intimately associated with the judicial phase of the criminal process." *Burns,* 500 U.S. at 486. None of the Defendants' alleged fabrications, lies, and alterations occurred in their investigative capacities. Plaintiff has failed to point to any type of fabrication that occurred outside of the judicial phase of the case, which resulted in his conviction for failure to appear.

After review of all of the evidence of record, and giving the Plaintiff the benefit of all reasonable inferences therefrom, it is clear there is no evidence to support Plaintiff's claim against Defendant Keller. Plaintiff's contentions with respect to Indictment 92-F-342 are irrelevant because the alleged conduct did not take place during the investigative stage. (*See* Documents 199 ¶¶ 23-37.) Additionally, Plaintiff fails to put forth any evidence that Defendant Keller, in her investigative capacity, fabricated evidence or directed Defendant Cook to present false testimony in Indictment 92-F-342. Moreover, the Plaintiff agreed, during his deposition, that Cook testified truthfully during the grand jury proceedings

With respect to Defendant Frail, Plaintiff points to no evidence to support his claim that Defendant Frail directed Defendants Cook or Robertson to testify falsely or that this Defendant fabricated evidence in either Indictment 88-F-203 or 92-F-342. Plaintiff's claim of wrongdoing by Defendant Frail is that he signed Indictment 92-F-342 when he knew such special session of the grand jury never occurred. (Document 199 ¶ 22.) As discussed above, it is immaterial whether or not Defendant Frail signed an indictment he knew was fabricated. Plaintiff has directed this Court to no evidence that, in his investigative capacity, Defendant Frail directed Defendant Cook to testify falsely. Moreover, Plaintiff does not challenge the accuracy of Cook's testimony. Therefore, Defendant Frail is entitled to summary judgment.

With respect to Defendant Lazenby, Plaintiff, again, has pointed to no evidence to support his claim that Defendant Lazenby directed Defendants Cook or Robertson to testify falsely or that Lazenby fabricated evidence in either Indictment 88-F-203 or 92-F-342. Plaintiff's contentions with respect to Indictment 88-F-203 are irrelevant because the alleged conduct did not take place during the investigative stage of the case. (*See* Documents 197 ¶ 1; and 199 ¶¶ 1-21). Even if Defendant Robertson committed perjury, or if Indictment 88-F-203 was fabricated by Defendant Lazenby, both would be entitled to immunity. (*See* Document 151 at 33, 36 n. 16.) Plaintiff believes that the grand jury did not meet in September 1988 and that the indictment was fabricated. Plaintiff contends the information in the indictment was obviously fabricated because the Plaintiff was not ordered to appear for sentencing since he had already been sentenced. As discussed above, it is immaterial whether or not the grand jury met or if Defendant Lazenby fabricated Indictment 88-F-203. According to Judge Maxwell, "[t]he indictment in Criminal Action Number 92-F-342 is defective on its face because it fails to state an exact date upon which the Petitioner was required to appear and because it includes dates upon which the Petitioner was not legally required to appear." (Document 23-5 at 11-12) Although Defendant was not convicted under Indictment 88-F-203, it appears to be defective and inaccurate on its face. However, it does not naturally flow that evidence was "fabricated" in the investigatory stage of the proceedings. Accordingly, Defendant Lazenby is entitled to summary judgment.

Lastly, with respect to Defendants Cook and Robertson, no evidence or inference from the evidence indicates that either Cook or Robertson fabricated evidence in their investigative capacity with respect to the charges contained in Indictments 88-F-203 and 92-F-342. Although there is no evidence that either Cook or Robertson intentionally testified falsely to the grand jury,

17

the Court previously ruled that Defendants Robertson and Cook are absolutely immune from claims relating to their testimony to the grand jury. (Document 156 at 29.) Thus, in the absence of any evidence of the fabrication of evidence, Defendants Cook and Robertson are also entitled to summary judgment.

With respect to all Defendants, at this stage of the proceedings, the Plaintiff must point to *evidence* or to *reasonable inferences from the evidence,* in light of the facts and applicable law, sufficient to establish the existence of a genuine issue of material fact. Argument, speculation, surmise, suspicion, conjecture or even inferences built on inferences will not save the day for the Plaintiff. Although the Plaintiff may reasonably be suspicious, given the totality of the facts of this case, suspicion is not evidence and is simply insufficient to meet the Plaintiff's burden under Rule 56 of the Federal Rules of Civil Procedure.

### IV.  CONCLUSION

Thus, based on the findings herein, the Court does hereby **ORDER** that the Motion for Summary Judgment of Defendants Kristen Keller, Lawrence Frail, Bruce Lazenby, Cedric Robertson, and David H. Cook (Document 187) be **GRANTED** and that Plaintiff's Motions for Partial Summary Judgment (Documents 129 and 199) be **DENIED.** The Court further **ORDERS** that all pending motions in this matter be **TERMINATED AS MOOT**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.  ENTER:  August 6, 2012

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA